[Civ. No. 470.   Third Appellate District.—April 6, 1908.]

## MRS. NETTIE TINGLEY and A. H. ELMORE, Copartners as TINGLEY & ELMORE, Petitioners, v. SUPERIOR COURT OF SHASTA COUNTY and CHARLES M. HEAD, Judge, Respondents.

MANDAMUS—APPEALABLE ORDER—CERTIORARI.—An order denying a motion to vacate an order directing the issuance of a writ of *mandamus* is appealable; and *certiorari* does not lie to review such order, however erroneous it may be.

ID.—REMEDY OF STRANGER TO RECORD—MOTION TO VACATE JUDGMENT OR ORDER—REVIEW UPON CERTIORARI.—A stranger to the record cannot review upon *certiorari* a judgment or order; but he may become a party to the record by moving to vacate the judgment or order. If he has a remedy by appeal, *certiorari* will not lie; but if he has no remedy by appeal, *certiorari* will lie to review an excess of jurisdiction.

APPLICATION for writ of review to annul an order of the superior court of Shasta County, refusing to vacate an order granting a writ of mandate.   Charles M. Head, Judge.

The facts are stated in the opinion of the court.

T. W. H. Shanahan, and Braynard & Kimball, for Petitioners.

CHIPMAN, P. J.—It appears from the petition, stated as briefly as may be, that petitioners made certain repairs on the "Anderson Free Bridge," in the county of Shasta, under contract with the board of supervisors, and the claim therefor was duly allowed and the county auditor duly notified to issue his warrants in payment of said claim; that some time prior thereto one Babcock had obtained a judgment in the superior court, for a sum in excess of said claim, against one J. M. Tingley, and that Babcock filed an authenticated transcript thereof with the auditor, after the latter had been notified to issue said warrants, in accordance with the provisions of section 710 of the Code of Civil Procedure, and demanded that the auditor draw warrants for the amount of said claim in favor of said superior court or the judge

thereof, and deposit the same in said superior court, so that the same might be applied by said court toward the satisfaction of the said judgment; that the auditor refused to draw his warrants to petitioners, and presumably also refused to issue his warrants to the court or judge, for, as appears, Babcock made application for writ of mandate in said court, praying that said auditor be directed to issue said warrants to said court or the judge thereof; that the said court ordered the writ to issue commanding the auditor to deposit said warrants with said court or show cause, etc.; that thereafter said auditor complied with said writ, and without notice to petitioners, and without any showing in their behalf, drew two warrants covering the amount of said claim in favor of the said court and delivered the same to the judge thereof; that thereafter petitioners demanded of said auditor that he issue warrants in their favor in accordance with the order of said board of supervisors, and he then and there refused so to do, "stating in reply that he had been served with a writ of mandate directing him to draw said warrants in favor of Charles M. Head, Judge of the Superior Court, to be applied to the satisfaction of the judgment which said J. L. Babcock obtained against said J. M. Tingley, and he had complied with the command of said writ"; thereupon petitioners "made an application and motion in said *mandamus* proceedings setting forth the contract between said County of Shasta and your petitioners herein with a full presentation of all of the proceedings of said County of Shasta, by and through its board of supervisors, with reference to said contract, setting forth the parties who were interested therein, as well as the order of said board of supervisors directing the said auditor of the County of Shasta to draw warrants. for the money due upon said contract in favor of your petitioners, and then and there moved said court, Charles M. Head, judge thereof, to make an order that the writ of mandate, so issued and served as aforesaid, be dissolved, discharged, dismissed, vacated and set aside"; that thereafter said motion was denied. Hence, these present proceedings.

Ordinarily, the alternative writ will issue, and should issue where, upon the showing made, any doubt arises as to the rights of the parties. Where, however, it is clear from the petition that the peremptory writ ought not to issue, the alter-

native writ should be denied, thus avoiding delay and expense to the parties.

In the brief filed with the petition the power of the legislature to enact the law is not called in question. The point made is that there was no privity of contract between the county and J. M. Tingley; that he was not a party to the contract under which the county became indebted to petitioners, and that there was no money due and owing to him as judgment debtor of said county, and that, therefore, the provisions of said section 710 did not apply. We do not know what facts were made to appear in the petition for *mandamus*. It may be that it there appeared that J. M. Tingley was a member of the firm of Tingley & Elmore, or that in some other way it was made to appear he had a pecuniary interest in the contract and warrants, which could be reached under this section of the code. The court had jurisdiction to hear and determine the proceedings in *mandamus,* and hence any error committed by the court could be corrected on appeal. The only question, therefore, is whether petitioners can avail themselves of this right of appeal, for *certiorari* will not lie where an appeal is open to them. The question arose in *Elliott* v. *Superior Court,* 144 Cal. 501, [103 Am. St. Rep. 102, 77 Pac. 1109]. Speaking of the case where the party is a stranger to the record and the judgment or order is appealable, the court, by Chief Justice Beatty, said: "We cannot find in the decisions of this court a single case in which *certiorari* to review a judgment or order of a court has been issued at the suit of a stranger to the record. There is in fact another plain, speedy and adequate remedy allowed by our practice to one whose rights or interests are injuriously affected by the judgment or by any appealable order of a court given or made in an action or proceeding to which he is not a party. He may make himself a party by moving to set aside such judgment or order, and if his motion is denied may, on appeal from that order, have the proceeding of which he complains reviewed not only for excess of jurisdiction but for error." (Citing cases.) "It is true that in one respect this remedy is less efficacious than that by *certiorari,* for neither the motion nor the appeal stays the enforcement of a void order unless the court, in the exercise of its inherent power, should approve a stay bond. (*Credits Com. Co.* v. *Superior Court,* 140 Cal. 82, [73 Pac. 1009].) But while

8 Cal. App.—4

this is an inconvenience to the party compelled to appeal, there is always the opportunity of obtaining a stay in a proper case, and the possible injury from this cause is perhaps no greater or more to be apprehended than the injury to the party claiming the benefit of an order or judgment when its enforcement is stayed by *certiorari* without any undertaking to indemnify him." Then follows what was held to be the view of the court where the judgment or order is in excess of jurisdiction and is not appealable. Said the court: "In case of an order or judgment in excess of jurisdiction but not appealable, and therefore reviewable only upon *certiorari,* the remedy could be made available to any stranger to the record injuriously affected, by a resort to the same method of moving to set aside, and thereby making himself a party." "And this is a practice," said the court, "to be commended and encouraged for its convenience; for it is presumed that, the attention of the court being drawn to its excess of jurisdiction, the order or judgment would be vacated on motion without the trouble and expense of certifying the record to a court of review." It appears that petitioners did precisely what is here recommended, and hence they are in a position to obtain relief by appeal. The judgment or order of the court in the *mandamus* proceeding is appealable, as is the order refusing to vacate that order, and as the court had undoubted jurisdiction to make the judgment or order, however erroneous his decision may have been, *certiorari* will not lie for its correction or annulment. Such, it seems to us, is the inevitable result of the principles laid down in *Elliott* v. *Superior Court.*

Nothing can be gained by a further hearing of the matter now here, and the writ is therefore denied.

Hart, J., and Burnett, J., concurred.