[Civ. No. 15590.   Second Dist., Div. One.   May 14, 1947.]

KENNETH R. PATTERSON, Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF LOS ANGELES et al., Respondents.

John W. Finley, Ray J. Brown, Mark L. Taylor, J. Marvin Dean and J. Ames Crawford for Appellant.

Harold W. Kennedy, County Counsel, Edward H. Gaylord, Deputy County Counsel, and Donald J. Dunne for Respondents.

DORAN, J.—The appellant herein sought an alternate writ of mandate for the purpose of reviewing a decision of the respondent Board of Supervisors of Los Angeles County which granted an application of Rose Hills Memorial Park for the establishment of a cemetery just outside the city limits of

Long Beach, and which decision also granted the landowners' petition for an appropriate zone exception permitting cemetery use. The original applications were filed with the Los Angeles County Regional Planning Commission which thereafter held a combined hearing in respect to the cemetery permit and the requested zone exception. The planning commission recommended to the board of supervisors that the cemetery permit be granted as to parcel one of approximately 30 acres, already zoned to permit cemeteries; but recommended that a cemetery permit and zone exception be denied as to parcels two and three containing approximately 60 acres not zoned for cemetery use. Rose Hills Memorial Park, and the landowners Montana Land Company and Signal Oil Company, then filed appeals to the board of supervisors and requested the board to grant the cemetery permit as to all three parcels and the zone exceptions necessary in respect thereto. "After one abortive hearing by the Board of Supervisors," to quote from appellant's brief, "the said Board, on October 30, 1946, granted the application . . . as to . . . parcels 1 and 2 . . . for zone exception over the property described as parcel 2 and also over such property in parcel 1 that lies nearer than 300 feet of a public park."

The appellant contends that the trial court erred in refusing to issue an alternate writ of mandate because, "(1) the alternate writ should have issued as an appropriate step in the proceedings. (2) . . . should have issued upon the basis of the allegations in the first cause of action of the amended petition showing that the hearing before respondent Board of Supervisors was so arbitrarily, capriciously, and prejudicially held as to in effect afford appellant no hearing at all. (3) . . . should issue (because) there was no substantial evidence to support the order . . . granting a zone exception."

In support of appellant's contention that "The alternate writ should have issued as an appropriate step in the proceedings," there is quoted an excerpt from *Tingley* v. *Superior Court* (1908), 8 Cal.App. 47, 48 [96 P. 20], where the court said: "Ordinarily, the alternative writ will issue and should issue where, upon the showing made, any doubt arises as to the rights of the parties." But, as noted in respondent board of supervisors' brief, in the same paragraph occurs the following: "Where, however, it is clear from the petition that the peremptory writ ought not to issue, the alternative writ should be denied, thus avoiding delay and expense to the parties." In neither the statutory nor the case law is there

any authority for treating the issuance of an alternate writ of mandate as a matter of right, or requiring a court to grant such writ merely as an "appropriate step in the proceeding," as argued by the appellant. Moreover, as said in the brief of Rose Hills Memorial Park,—"In the instant case all parties were before the Court, the full transcript of the proceedings before the Regional Planning Commission and before the Board of Supervisors were attached as exhibits to appellant's petition and the trial Court was therefore in a position to make a final determination as to whether or not a writ of mandate should issue."

From the "Memo. for Decision" filed by the trial court, it appears that the motion for the alternative writ of mandate "was made, fully argued and submitted on March 12 (1946), supported by points and authorities in addition to the record, and opposed by respondents and Rose Hills Memorial Park, the real party in interest, with objections in writing and points and authorities." In refusing to issue the writ the court stated: "A painstaking review of the whole record herein, including citations of authorities, has been made and a consideration thereof results in the conviction that a full and fair hearing was had before both the Regional Planning Commission and the Board of Supervisors after due notice, resulting in a showing that Rose Hills Memorial Park was entitled under the proofs to the cemetery permit, which was granted . . . and to the zoning exception. . . . The record fails to show any bias or prejudice on the part of the Board or its members which interfered with or prevented a full and fair hearing to all parties, particularly petitioner herein."

It is conceded in appellant's closing brief that, as stated in *North Side Property Owners' Assn.* v. *Hillside Memorial Park*, 70 Cal.App.2d 609, 616 [161 P.2d 618], "In hearing and passing upon an application for a cemetery permit . . . the administrative body (Board of Supervisors) functions in a judicial or quasi-judicial capacity." And, under the holding in *Ware* v. *Retirement Board*, 65 Cal.App.2d 781, 794 [151 P.2d 549], either on certiorari or mandamus, "The superior court, would, on such proceeding, have been limited to the record before the board," and could not substitute "its opinion on the facts for that of the board." Appellant, however, contends that this rule does not or should not apply "where the fairness of the hearing is at issue," and where, as appellant insists, "the hearing, itself (is) a mere

sham." Admitting that "There seems to be a great dearth of cases upon this particular point," the appellant has cited *Montgomery Ward & Co.* v. *National Labor Relations Board,* 103 F.2d 147, 149. But that case does not involve a comparable factual situation, nor does the opinion support the above contention. It is particularly to be noted that, in the Montgomery Ward case the reviewing court had carefully read "every word of this extensive record. . . . We cannot escape the conclusion that, in the hearing, the company was denied that fairness which is required by due process of law."

In the instant case, a reading of the record reveals no such situation. As said in the brief of Rose Hills Memorial Park, "Appellant and all other interested persons were accorded full opportunity to make any statement which they desired without limitation. Appellant, himself, was invited to present additional statements and declined to do so. Furthermore, the remarks made by the members of the Board of Supervisors throughout the hearing, as disclosed by the transcript, show that Supervisors Smith, Ford, Darby and Jessup not only followed the testimony closely but asked many pertinent questions." Had this hearing been a "mere sham" as argued, there appears to be no reason why the appellant Patterson, who was present and testified, should not have entered some protest or objection to the effect that the hearing was unfair. But in place of any such protest the record discloses that Supervisor Smith asked: "Have you finished, Mr. Patterson?" to which appellant answered: "Yes. I wish to thank you gentlemen, very much, for taking your time." At that time the appellant therefore appears to have been satisfied with the hearing accorded, the same hearing now characterized as having been unfairly conducted in an arbitrary and capricious manner by supervisors who were asleep, inattentive and prejudiced.

At the hearing in question some 13 witnesses were produced by the appellant, however, as stated in respondents' briefs, most of these witnesses "said nothing except that they did not want a cemetery and that there was no need of more cemeteries." The board was also addressed by Engineer Tyler Suess for the planning commission, and by Mr. John D. Gregg, vice-president of Rose Hills Memorial Park; maps were presented, exhibited and explained. Considerable dis-

cussion of the merits of the matter is disclosed by the stenographic record of the hearing which consists of 57 typewritten pages.

The appellant further contends that "The alternate writ should have been issued upon the grounds . . . that there was no substantial evidence to support the order of respondent board in granting a zone exception." In this connection it is interesting to note that "appellant does not question the fact that there was ample evidence before the Board to support its order granting the cemetery permit. It is also conceded that any evidence presented on the subject of the cemetery permit may also, if applicable, be considered in support of the zone exception." The appellant's brief also correctly states that "It is clear from Section 155 (Ordinance No. 1494 (N.S.)) above that the Board has extremely broad discretionary power in the granting or denying of a zone exception." It is argued, however, that this discretionary power is limited to cases where the board "finds that the facts are such as to entitle the petitioner to such an exception," and that no such finding was made or could have been made under the evidence in the instant case. There is no merit in this contention. The ordinance in question makes no requirement of a formal "finding"; the record of the hearing makes it sufficiently plain that the board did actually so find. Nor can there be serious doubt that there was substantial evidence before the board to support such finding. The matter of zoning is dealt with in some detail in the testimony of Engineer Suess; the zone question is likewise discussed by Mr. John D. Gregg, speaking for Rose Hills Memorial Park. And, as appellant concedes, the evidence presented on the subject of the cemetery permit may properly "be considered in support of the zone exception."

Section 155 of Ordinance 1494 (N.S.) provides that "The Board of Supervisors may except such property from any particular restriction or restrictions . . . if it finds that the facts are such as to entitle the petitioner to such an exception." Section 156 stipulates that a petitioner is entitled to an exception which "is necessary for the preservation of a substantial property right of the petitioner," and where "such exception will not be materially detrimental to the public welfare nor to the property of other persons located in the vicinity thereof." The appellant seeks to apply to the present case the provisions of section 158 of the ordinance, and relying thereon asserts that "the minimum evi-

dence which will support the granting of an exception is that evidence which tends to show substantial hardship or difficulty in the using of the property for the purpose for which it is zoned.'' It is to be noted, however, that section 158 merely provides that ''An exception *may also be granted* where there are practical difficulties or unnecessary hardships,'' etc., and that no such showing is required under sections 155 and 156 above mentioned. (Italics added.)

Both questions here involved, namely the granting of the cemetery permit and the zone exception, were matters involving the exercise of a broad discretion by the board of supervisors; no abuse of such discretion is shown and there is substantial evidence to support the decisions made. There is nothing to indicate that a fair and proper hearing was not accorded the appellant. Under these circumstances the action of the superior court in refusing to issue an alternate writ of mandate was entirely proper.

The order appealed from is therefore affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied June 3, 1947, and appellant's petition for a hearing by the Supreme Court was denied July 10, 1947. Edmonds, J., voted for a hearing.