[Civ. No. 13447. First Dist., Div. One. Dec. 4, 1947.]

GEORGE CARL HECKMAN McPHEETERS, Appellant, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Respondents.

A. A. George and Lionel Browne for Appellant.

Fred N. Howser, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Respondents.

BRAY, J.—The superior court denied appellant's petition to mandamus respondents, Board of Medical Examiners of the State of California and its members, to annul an order of said board setting the continued hearing of certain proceedings at Sacramento and to require said board to hold all hearings thereof at Los Angeles.

The allegations of the petition pertinent here were as follows: that ever since 1914, appellant has been duly licensed to practice medicine and surgery in California; that in September, 1945, a sworn complaint was filed with said board by one of its inspectors, charging appellant with violation of section 2377 of the Business and Professions Code, and asking for the revocation of appellant's license to practice; that appellant is a resident of Fresno, and that the alleged act upon which the charge is based occurred at Fresno; that a hearing was set before the board at Sacramento on October 20th; that upon objection by appellant to the right of the board to hold said hearing at Sacramento, it was continued until the March, 1946, meeting of said board at Los Angeles; that over appellant's objection the board "considered the matter pending before it" and continued the hearing to the board's August meeting at Los Angeles; that at that meeting the board took further evidence and denied a motion of appellant for dismissal upon the ground that the allegations of the complaint were not proved; that then counsel for appellant introduced evidence that appellant was ill in a hospital

and requested a continuance of the hearing until the next regular board meeting at Los Angeles; that the board granted a continuance but only to their October meeting and at Sacramento, and informed counsel that notice of the time and place of meeting would be sent to appellant; that the board acted arbitrarily and illegally in setting the matter for hearing at Sacramento instead of Los Angeles as required; "That your affiant, who is one of counsel for petitioner, . . . upon information and belief . . . alleges that petitioner has at no time received a notice of the time and place of the October meeting as was purportedly ordered in the statement of the Hearing Officer. . . ."

Upon this petition, an alternative writ of mandate was issued by the court, returnable October 29, 1946. Just what occurred on the return date is not clear from the record.

Appellant claims that his counsel asked the court for permission to be sworn to testify to the service of the petition, alternative writ and certain subpoenas, and that before such request was ruled upon, the board moved the court for permission to file a notice of motion to dismiss as to, and strike the names of, certain parties, and a notice to quash and recall certain subpoenas, which notices had theretofore been served on appellant. The board also requested that if such motions were denied, it be permitted to file the demurrer above mentioned. The record fails to disclose any of these proceedings, other than the fact that the demurrer was filed that day, whether before, at, or during the hearing cannot be determined. The minute order of that day contains the following: "In this action the court order[s] the application for writ of mandate denied."

Appellant in his brief asks permission to supplement the record to show these various motions. At argument, no such request was made. However, for the purposes of this opinion we are assuming appellant's statements in this respect to be correct.

Appellant claims that the court stated it would deny all the requests above mentioned and in the exercise of its discretion would deny the petition. Apparently, the court, after examining the petition, felt that it did not state facts sufficient to justify the relief asked. The main question, then, is whether the petition does set forth facts sufficient to constitute a cause for the relief sought.

■ The first ground upon which petitioner asks relief is that section 11508 of the Government Code requires that the hearings in this case be held in Los Angeles. This section provides: ''The agency shall determine the time and place of hearing. The hearing shall be held in San Francisco if the transaction occurred or the respondent resides within the First District Court of Appeal district, in the County of Los Angeles if the transaction occurred or the respondent resides within the Second or Fourth District Court of Appeal districts, and in the County of Sacramento if the transaction occurred or the respondent resides within the Third District Court of Appeal district. *Provided* that the agency, if the transaction occurred in a district other than that of respondent's residence, may select the county appropriate for either district; *the agency may select a different place nearer the place where the transaction occurred or the respondent resides;* or the parties by agreement may select any place within the State.'' (Emphasis added.)   Fresno, where the appellant (respondent before the board) resides and where the alleged act of violation occurred, is within the Fourth District Court of Appeal district, and is nearer in distance to Sacramento than it is to Los Angeles. (Gov. Code, §§ 511, 520.) The board set the continued hearing for Sacramento under that portion of the above section which reads ''the agency may select a different place nearer the place where the transaction occurred or the respondent resides.''   Appellant urges that this clause can apply only if the situation is included in the preceding portion of the same sentence ''Provided that the agency, if the transaction occurred in a district other than that of respondent's residence, may select the county appropriate for either district. . . .'' In other words, appellant's position is that the board's right to select a hearing place other than in the district of a respondent's residence is limited to situations in which the transactions occurred in a different district.   But a study of the section shows otherwise.

The section first provides that the place of hearing shall be in the designated city in the appellate court district where either the respondent resides or the transaction occurs.   It then provides for the situation where the respondent resides in one district and the transaction occurs in another.   In that event, the board may select the designated place in either district.   A third situation is then provided for: that the board may select a place closer either to the place of residence

or to the place of the transaction than that mentioned in the first and second situations; and finally, a fourth situation, namely, when the parties themselves agree on a place of hearing.

If appellant's interpretation were correct, namely, that the right of the agency to hold the hearing in a place other than the designated city in the appellate district of residence or transaction, is limited to a situation where the transaction occurred in a district other than that of residence, there would be no reason for the two clauses which follow. The section would have read that in such event, the agency might select a different place, without specifying in one clause "the county appropriate for either district," and in the other clause "nearer the place where" etc.

The following quotation from the attorney general's opinion expresses the meaning of this section clearly and succinctly: "The last sentence of said section is expressly made a limitation on the matter immediately preceding it and is, therefore, not subject to the general provisions of the section in the first and second sentences. The question is whether the qualifying parenthetical phrase . . . in the first clause of the last sentence must be deemed to have been included in the second clause of the last sentence of the last section. The wording of the first clause makes it apparent that the qualifying phrase is to be applied to that clause. The second clause is, however, complete within itself, and the two clauses are separated by a semi-colon which, while connective, is generally considered as being appropriate to a distinct thought or division of thought relating to the subject matter. If the parenthetical phrase qualifies the second clause it would also qualify the last clause—which the Legislature could scarcely have intended. Aside from the literal wording and the punctuation of the sentence, the purpose to be accomplished indicates that the parenthetical and qualifying phrase could not have been intended to qualify the second clause of said sentence. In this connection it should be noted that under said section areas of considerable extent are embraced within the counties included. For example, the hearings are, in the absence of special circumstances, to be conducted in the County of Los Angeles if the respondent resides and the transaction occurred in either of the Second or Fourth District Court of Appeal districts." In a case where, for example, the respondent. resided or the transaction occurred in the city of El Centro, it

is obvious that the Legislature intended to provide a method by which the agency could, in its discretion, for the convenience of parties and witnesses, hold the hearing in El Centro or in a city nearer to El Centro than Los Angeles, but under appellant's interpretation of the section, this could not be done.

As the board had the right to select a place nearer to Fresno, the appellant's residence and the place where the transaction occurred, than Los Angeles, and as Sacramento is nearer to Fresno than Los Angeles, the first ground set forth in the petition for the writ of mandate did not set forth a cause of action. ■ Nor did the second ground. This ground is based on the allegation in the petition, on information and belief, that the petitioner had not received notice of the time and place of the October meeting of the board. Certainly, a petitioner should know of his own knowledge whether he had received such notice, and his attorney should inform himself of his client's knowledge before alleging such an important matter.

■ There is no statutory requirement of notice of a continued hearing. At the August hearing, the hearing officer stated: "The request of the respondent here for a continuance is granted, and the matter is continued by the Board to the Sacramento meeting in October, 1946, and notice of time and place of the meeting will be sent to the respondent." Appellant's petition was filed on October 19th, and referred to the hearing to be held on October 22d. It is apparent that whether appellant at that time had received formal notice of the hearing or not, he had knowledge of its date, at least three days before the date set.

■ The issuance of a peremptory writ of mandate is in the discretion of the court. Surely, no court could reasonably be accused of an abuse of discretion in denying a petition to interfere with a continued hearing which the petitioner had been informed in August was continued to the October meeting of the board, and of the exact date of which he had knowledge at least three days before it was to be held.

■ Appellant contends that the trial court could not pass upon the sufficiency of the petition until it had first passed on the motions made by appellant and the board. So far as appellant's motion to be sworn and prove service of the petition and writ is concerned, there was no necessity for granting it. The board and its members had appeared in

response to the writ and were not claiming lack of service. They thereby admitted service, so proving that they had been served would have been an idle act. Also, proving service of subpoenas on members of the board would be of no importance as no testimony could be introduced under a petition that did not state a cause for relief. As to the board's motions, the court having determined that the petition did not state facts sufficient to justify the relief sought, wisely determined not to waste time considering motions which were thereby made moot.

■ The same is true as to the demurrer. Whether it was filed or not, the court apparently was not acting upon it, but upon its own right to examine the petition. Finding nothing in it to justify the relief sought, the court dismissed it.

It is true that in examining the sufficiency of the petition the court must consider all allegations therein as admitted and true. Appellant cites a number of cases to this effect. ■ But if, as here, taking all the allegations as true, the petition sets forth no grounds for relief, the court has no alternative but to dismiss it.

The situation in this case is well expressed in the opinion in *Atkinson* v. *Warren*, 34 Cal. App.2d 119 [93 P.2d 157]; "The petition is denied for the reason that the facts alleged therein are insufficient to justify the issuance of a writ of mandate in accordance with the prayer of the petition."

There is no merit in appellent's contention that the court must wait until the board filed its answer and thereafter give appellant the right to countervail the matters set forth in the answer. ■ Where the petition itself is not sufficient there is no reason for filing an answer or proceeding further in the case.

Appellant argues that because the court issued the alternative writ, it thereby passed for all time on the sufficiency of the petition. This, of course, is not the law. ■ The issuance of the writ is merely the method by which the respondents can be brought into court. ■ While the court should refuse to issue an alternative writ where the petition is not sufficient (*Patterson* v. *Board of Supervisors*, 79 Cal.App.2d 670 [180 P.2d 945]) the fact that the court grants the writ is not a final finding of the petition's sufficiency. The court at any time may determine whether it states a cause for relief.

It will be noted that the writ of mandate is sought for the purpose of reviewing an intermediate step in the administrative process, and was sought before the statewide administrative board had acted on the merits.  The attorney general contends that such writ cannot be used to review administrative action until the board has acted on the merits.  Certainly, each step in the administrative proceeding cannot be reviewed separately, any more than each ruling in the trial of a civil action may be separately reviewed by a separate appeal.  ▮ Administrative proceedings should be completed before the issuance of a judicial writ.  An exception, of course, appears when the administrative board is without jurisdiction.  Apparently, at the time it issued the alternative writ, the trial court believed that the petition presented a jurisdictional question.  However, the complete record proves the contrary.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 29, 1948.