SOUTH PORTO RICO SUGAR COMPANY, Appellant, *v.* PUBLIC SERVICE COMMISSION OF PUERTO RICO and ENRIQUE LASSISE, Appellees.

No. 11132. Argued April 6, 1954.—Decided July 7, 1954.

James R. Beverly, R. Castro Fernández and Francisco Castro Amy for appellant. Nellie Ortiz Torres, M. B. Carrasquillo and Ricardo Jordán for the Public Service Commission, appellee. Pablo Defendini for Lassise, appellee.

Mr. JUSTICE MARRERO delivered the opinion of the Court.

For a better understanding of this case, we deem it proper to make at the outset a chronological description of the development of the case until its arrival at this Court:

On August 1, 1950 Enrique Lassise, in his own right and in representation and behalf of other colonos of the Central Guánica, filed with the Public Service Commission of Puerto Rico[1] a complaint alleging, briefly, that the Commission determined certain rates applicable to the respondent corporation for the 1946 and subsequent grinding seasons, rates which were declared by judgment of this Supreme Court null and void; that the respondent ground the sugarcane for its colonos on the basis of its own rates; that the rates charged by it in 1946, 1947, 1948, 1949, and 1950 were unfair and reasonable, as a result of which the earnings realized by the respondent on the basis of its own rates exceeded those authorized by law; that respondent is authorized to charge only the rates approved by the Commission, and that by provision of Act No. 221 of 1942 (Sess. Laws, p. 1176) the Commission is under the duty to exercise its powers of intervention in order that the rates charged by every sugar company shall be fair and reasonable. It is prayed that, after compliance with the legal requirements,

---

[1] Hereinafter referred to simply as the "Commission."

the Commission order the respondent to reimburse its colonos the rates collected in excess during the years in question for the grinding services rendered to them.

The respondent filed a motion to dismiss the complaint on the ground that the Commission has not determined the fair value of respondent's properties nor the percentage of reasonable profit which it is entitled to receive from its invested capital; and that assuming that respondent has been charging unfair or unreasonable rates, it would not be proper to order it to reimburse its colonos the excess between the rates filed with the Commission and those which the Commission may determine as reasonable after a hearing. On November 28, 1950 the Commission dismissed that motion. It based the dismissal on the ground adduced in its decision rendered fourteen days previously in *Asociación de Colonos de Caña de Yabucoa* v. *Antonio Roig Sucrs.* On January 2, 1951 the Commission overruled a motion for reconsideration filed by respondent. Thereupon respondent answered denying the essential averments of the complaint and alleging certain special defenses.

Thus, on August 9, 1951 the Commission entered an order setting forth that on May 13, 1951 the Governor of Puerto Rico had approved Act No. 426, entitled the "Sugar Act of Puerto Rico," which expressly repeals Act No. 221 of May 12, 1942; that "in view of the aforesaid circumstances, *it hereby orders the dismissal of the cases pending before the Commission which are related to the aforementioned legislation, and of this case in particular, in the belief that any order which might be entered would be academic,*" and that, "notwithstanding the foregoing, any party interested in raising any question of fact or of law may appeal to the Commission and make pertinent allegations within a period of fifteen (15) days, counted from the notice of this Order." (Italics ours.) Six days later the complainant filed a reasoned motion moving the Commission

"to set aside the order issued in the instant case under date of August 9, 1951, and to order that the case be left open for further proceedings and resolution on its merits." [2]

On February 28, 1952 the complainant appeared again before the Commission and filed a "motion for detailed information," in which, after pointing out that the case has been pending since January 1951 and that notwithstanding the repeal of Act No. 221 of 1942, all actions which have been or may be instituted under the previous Act were excepted, he alleges that in order to pass upon the issues of fact involved in the instant case and hear the case on its merits, it is necessary that respondent furnish the following data as disclosed by its official books and records for each of the aforementioned years: (1) final laboratory report on the results of the year's crop; (2) fixed assets of the respondent in connection with the grinding operations; (3) operating and depreciation expenses incurred in the value of the physical plant and its dependencies, as shown by its books; (4) financial results of the factory; and (5) a summary outline showing the industrial profit, the reserve or disbursements for income taxes, and liquid profit.[3]

On July 1, 1952 the Commission entered an order granting the above motion, requiring respondent to furnish [to the Commission] within a period not to exceed thirty days, all data asked for by complainant in the latter motion. In answer to that order, respondent alleged in writing that that order had been entered without hearing the respondent and without jurisdiction, alleging that the case had already been dismissed by order of August 9, 1951 which was final and unappealable; that all the data sought by the Commission appears from the annual statements and final laboratory reports which respondent has filed in the office of the secretary of the Commission at the end of the grinding season;

---

[2] The record does not show whether notice of that motion was served on respondent.

[3] Subdivisions 3 and 4 of the motion are also subdivided.

and that any data bearing on the years 1946, 1947, and 1948 would be useless, since more than two years have elapsed since the end of the grinding seasons. In its answer respondent prays that the order of July 1, 1952 be set aside. The Commission took no action on that answer to the complaint; however, on October 27, 1952 the complainant urged that respondent be compelled to comply with the order of July 1, 1952. On February 4, 1953 respondent filed a written opposition to the reopening of the case, alleging that "the case has been rightly dismissed in view of the repeal of Act No. 221 of 1942 by § 39 of the Sugar Act of Puerto Rico [4] . . . , as construed by the Supreme Court of Puerto Rico in *Molini* v. *Sociedad Mario Mercado e Hijos*, in an opinion on reconsideration of October 11, 1952." (73 P.R.R. 873.)

On March 17, 1953 the Commission entered an order in which, after stating that a hearing had been held on February 5, 1953 in connection with the merits of its order of July 1, 1952, announced that, after consideration of the objections raised by respondent, "it overrules the same and hereby ratifies its order of July 1, 1952, and further orders respondent to comply with that order within a period of thirty (30) days, counted from the date of notice hereof."

On April 16, 1953 (sic) the respondent appealed to the Superior Court of Puerto Rico, San Juan Part, from the orders entered by the Commission on July 1, 1952 and March 17, 1953. The Commission moved the court to dismiss the appeal (1) because those orders are not appealable; (2) be-

---

[4] Section 39 of Act No. 426 of May 13, 1951 (p. 1138, known as the "Sugar Act of Puerto Rico"), provides in its final proviso "That the repeal of Act No. 221 of May 12, 1942, shall not impair rights, causes for actions, suits, appeals, penalties, cases and proceedings, filed or to be filed, which may have arisen under said Act No. 221 of 1942, its regulations and/or the orders issued by the Public Service Commission of Puerto Rico, up to the date in which said Act is effectively repealed, which rights, causes for actions, suits, appeals, penalties and cases and proceedings shall subsist and may be demanded, filed or continue to be prosecuted as if Act No. 221 of 1942 had not been repealed."

cause the proceeding is altogether frivolous; and (3) because appellant has not perfected its appeal pursuant to the provisions of § 79 of the Public Service Act. In answer to that motion, the lower court entered an order on August 31, 1953 stating, among other things, "that the decision and the order which appellant seeks to review is not appealable until the case is finally disposed of on its merits by the Public Service Commission. Both the decision and the order appealed from are preliminary acts of the Public Service Commission in a proceeding under consideration, and are reviewable only on appeal from the final decision of the case after a hearing on its merits." Based on that reasoning and on others which are set forth in its decision, the lower court sustained the motion of dismissal filed by appellee and ordered that the case be remanded to the Public Service Commission for further proceedings consistent with the law.[5]

Respondent appealed to this Court from the judgment rendered by the Superior Court. It now contends that the Superior Court erred: (1) in dismissing the appeal and remanding the case to the Commission; (2) in holding that the Commission was without power to order the dismissal of the case; (3) in reopening the case 6 months and 19 days after its dismissal; (4) in reopening the case to be heard on the merits and for determination of the value of appellant's properties, the percentage of reasonable profit it was entitled to receive from its invested capital, and the rates it would have been authorized to charge during the years 1946 to 1950 inclusive; and (5) in failing to hold that the claims for 1946, 1947, and 1948 had prescribed at the time the complaint was filed.

---

[5] If the trial court was of the opinion that the orders of July 1, 1952 and March 17, 1953 were not appealable as being preliminary acts of the Commission and, hence, that it lacked jurisdiction to take cognizance of the case, it should have said so without entering into the merits of the questions raised by the parties. *Román* v. *Figueroa,* 73 P.R.R. 817, 821; *P. R. Housing Authority* v. *Sagastivelza,* 71 P.R.R. 406, 409.

■■ The first error assigned was evidently committed. Although it is true that according to § 78 of Act No. 70 of December 6, 1917, Vol. II (Sess. Laws, pp. 432, 526), "Within thirty days after the filing of *any finding or determination* by the commission, or after the date of service of *any order*, unless an application for a rehearing may be pending, and then within thirty days, after the refusal of such application, or the entry of an order modifying, amending, rescinding, or affirming the original finding, determination or order, *any party to the proceedings affected thereby may appeal therefrom to the District Court of San Juan, Section 1*," [6] (italics ours), still, not every finding, determination, or order entered by the Commission is appealable. *Baetjer* v. *Court*, 56 P.R.R. 570, 572; *Fed. Power Comm'n.* v. *Edison Co.*, 304 U. S. 375; *Mississippi Power & Light Co.* v. *Federal Power Comm.*, 131 F. 2d 148; *Newport Electric Corporation* v. *Federal Power Comm'n.*, 97 F. 2d 580; *McPheeters* v. *Board of Medical Examiners*, 187 P. 2d 116; 42 Am. Jur., 578, § 196. Review of preliminary or procedural requirements, findings, decisions or orders is not available, as distinguished from final orders which put an end to the controversy between the parties. The orders of July 1, 1952 and March 17, 1953 were not of a preliminary or procedural character. Fundamentally they were orders seeking to reopen a case already dismissed, namely, to vacate an order which put an end to the controversy. It will be recalled that by order of August 9, 1951, the Commission ordered the dismissal of the pending cases which were related to Act No. 221 of 1942, as repealed by No. 426 of 1951, and that it further ordered the dismissal *"of this case in particular*, in the belief that any order which might be entered would be academic." (Italics ours.) Although by that order the Commission granted a period of fifteen days to any party

---

[6] See Act No. 432 of May 15, 1950 (Sess. Laws, p. 1126), and Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30).

interested in raising any question of fact or of law, that order purported to definitively settle the question under consideration. Although complainant did appear within the stated period and request that that order be set aside, and threafter requested certain detailed information, to which the Commission consented by order of July 1, 1952—it was afterwards ratified by order of March 17, 1953—the two orders entered subsequent to that of August 9, 1951 abrogated the dismissal previously decreed. The oft-mentioned order of August 9 was tantamount to a final adjudication, and as such was appealable by any aggrieved party. This being so, the subsequent orders setting aside that order were tantamount to final adjudications, adverse to respondent. They were therefore appealable. This was the position assumed by this Court when it entered its order of November 2, 1953, denying the dismissal which appellee sought on the ground that such orders were not appealable and that the action was frivolous and academic.

The fourth error was also committed. As pointed out already, on November 28, 1950 the Commission denied a motion to dismiss filed by respondent. The Commission alleged, among other grounds, that *"when deciding this case we must determine the fair value of petitioner's properties, as well as the reasonable profit which it is entitled to receive,"* and that "if the Commission shall reach the conclusion that the profit realized by respondent has been excessive, then reimbursement to the colonos would be in order." The Commission is without authority to make such a determination at the present time. It cannot be denied that by virtue of the final proviso of § 39 of Act No. 426, the "causes for actions, suits, appeals, penalties and cases and proceedings shall subsist and may be demanded, filed or continued to be prosecuted as if Act No. 221 of 1942 had not been repealed." However, in *Molini* v. *Sociedad Mario Mercado e Hijos,* 73 P.R.R. 873, a complaint was filed with the Commission

alleging that during the 1945 to 1947 crop seasons the defendant had not paid plaintiffs for the hauling and delivery of their cane at the provisional rate fixed by the Commission. After conducting a hearing, the Commission entered an order requiring the company to pay the difference to plaintiffs. The company did not comply with this order, and plaintiffs thereupon filed suit and obtained judgment against the defendant in the former district court. In the course of the opinion rendered on reconsideration, we stated at p. 881 that: "Act No. 221 has been repealed. It has been replaced by Act No. 426 of 1951 under which sugar mills charge rates for their services based on the formulae established in that Act and not rates fixed individually for each mill as a public utility under the formula laid down in § 33 (a) of Act No. 221. It is therefore no longer possible under the present state of the law for such an individual permanent rate proceeding to be initiated or concluded." Although we are not concerned here with the fixing of individual, provisional or permanent rates, in deciding the case the Commission would have to determine the value of respondent's properties and the reasonable profit which it is entitled to receive, and, after such determination is made, to order respondent to refund the amount collected in excess. This is admitted by the Commission. See its order of November 28, 1950, *supra*. Therefore, in view of the repeal of Act No. 221 and the scope of Act No. 426, 1951, *supra*, the Commission is at present without power to act in this way. The continuation of the action would therefore be academic.

Since the two errors already discussed were committed, we need not consider the second, third, and fifth.

The order appealed from will be reversed and the dismissal of the complaint ordered. Mr. Justice Sifre and Mr. Justice Belaval did not participate herein.