[Civ. No. 1104.    Fifth Dist.    Apr. 7, 1969.]

LLOYD EARL KINGSTON, Plaintiff and Appellant, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

Haven P. Courtney for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and G. A. Strader, Deputy Attorney General, for Defendant and Respondent.

GARGANO, J.—Appellant seeks to annul an order of the Department of Motor Vehicles suspending his driver's license for a period of six months pursuant to the provisions of Vehicle Code section 13353. This section provides for six months' suspension of the driving privilege of any person who is arrested on suspicion of driving a vehicle on a public highway while intoxicated, who refuses to submit to a chemical test for the purpose of determining his blood alcohol content.

The chronology of events is substantially as follows: Appellant was arrested by Officer Buddy J. Sheppard of the California Highway Patrol on suspicion of driving a vehicle on a public highway while intoxicated. Officer Sheppard informed

appellant of his *Miranda* rights and then transported him to the Merced General Hospital for a blood alcohol content test. On the way to the hospital, the officer told appellant several times that refusal to submit to either a blood, breath or urine test for the purpose of determining his blood alcohol content would result in the suspension of his driving privilege for a period of six months. Later at the hospital, when Sheppard again informed appellant that a refusal to take the test would result in a suspension of his license, appellant replied, ''I want to see my attorney.'' The officer interpreted this reply to mean that appellant refused to take the test, so he did not press the matter further.

On April 11, 1968, appellant was notified that an accusation had been filed with the Department of Motor Vehicles, charging him with wilful refusal to submit to a chemical test to determine his blood alcohol content in violation of Vehicle Code section 13353. Appellant then applied for and was granted a hearing by the Department of Motor Vehicles. The hearing was held on June 21, 1968, before a referee who found that the arresting officer had reasonable cause to believe that appellant was driving a vehicle upon a public highway while intoxicated and that appellant refused to submit to a chemical test as provided by the statute. Appellant's license was suspended by the Department of Motor Vehicles on October 24, 1968.

On November 6, 1968, appellant filed a petition for a writ of mandate in the Superior Court of Merced County, seeking to set aside the license suspension order of the Department of Motor Vehicles. The petition contained a transcript of appellant's hearing before the referee and inter alia alleged that his findings were not supported by the evidence, and that the ''record reflects that petitioner (appellant) did not refuse to take the test.'' However, neither a notice nor a copy of the petition was served on respondent, the Department of Motor Vehicles. On the contrary, after an off-the-record discussion of his substantive theory with the trial judge in chambers, appellant's counsel appeared in open court and requested the judge to issue an alternative writ ex parte. The trial judge refused and instead denied appellant's petition. This appeal followed.

Respondent vigorously asserts that the court's minute order denying the petition is not appealable; and it maintains that the order is merely a denial of appellant's ex parte application for an alternative writ, not a final decision on the

merits denying a peremptory writ. Respondent also argues that the court did not have the power to summarily deny appellant's petition for a peremptory writ of mandate, and hence its order should be treated as a non-appealable preliminary order for this if for no other reason.

■ We do not agree with respondent's contention that the trial court merely denied appellant's ex parte application for an alternative writ of mandate. On the contrary, we believe that it is absolutely clear from the record that the trial judge contemplated no further action on appellant's petition and denied it "out of hand." First, the court's order emphatically states ". . . the court orders petition for writ of mandate is [sic] denied." Second, the trial judge was furnished a complete transcript of appellant's hearing before the referee and hence was presumably conversant with the evidence presented at that hearing. Moreover, he was also fully apprised of the substantive theory upon which appellant's petition was founded. Yet, significantly, the judge stated that in his opinion the order of the Department of Motor Vehicles suspending appellant's license was correct under the rule articulated in *Ent* v. *Department of Motor Vehicles*, 265 Cal.App.2d 936 [71 Cal.Rptr. 726].

We also reject respondent's assertion that the court could not summarily deny appellant's petition without a hearing, and that hence its order must be treated as a preliminary non-appealable order. ■ It is settled that a court may deny an ex parte petition for an alternative writ of mandate "out of hand" when it appears from the face of the petition that a peremptory writ will not be issued (*Dare* v. *Board of Medical Examiners*, 21 Cal.2d 790 [136 P.2d 304]; *Wine* v. *Council of City of Los Angeles*, 177 Cal.App.2d 157 [2 Cal.Rptr. 94]; *Patterson* v. *Board of Supervisors*, 79 Cal.App.2d 670 [180 P.2d 945]). In fact, the court may do so even though the defendant has not appeared by answer or demurrer (*Wilson* v. *Los Angeles County Civil Service Com.*, 103 Cal.App.2d 426 [229 P.2d 406]). However, the power of the court to deny a petition out of hand is not "without a discretion, wisely exercised" and for "an abuse of this discretion on the part of the lower court appropriate remedies are available in a higher court." (*Dare* v. *Board of Medical Examiners, supra*, 21 Cal.2d 790, 796.) Manifestly, when a petition is denied "out of hand" the order is final; by necessity no further action is contemplated by the court. Thus, if the petitioner put his best foot forward in the petition which the lower court denied, an appeal to a

higher court is an appropriate remedy (see *Steen* v. *Board of Civil Service Comrs.*, 26 Cal.2d 716 [160 P.2d 816]).[1]

The remaining question is whether the trial judge abused his discretion when he summarily denied appellant's petition. We conclude that the answer to this question is in the affirmative under the rationale of *Rust* v. *Department of Motor Vehicles*, 267 Cal.App.2d 545 [73 Cal.Rptr. 366].[2] In that case defendant was stopped by an officer of the California Highway Patrol on suspicion he was driving an automobile while intoxicated. Defendant was given a field sobriety test which he failed. He was then advised of his *Miranda* rights and told, among other things, that he was entitled to an attorney beginning at that moment. Afterwards the arresting officer requested the defendant to submit to an alcohol test of his blood, breath or urine, stating that if he refused his driving privilege would be suspended for six months. Defendant refused to take the test until he called his attorney. He was then taken to jail and booked. Later his license was suspended by the Department of Motor Vehicles pursuant to Vehicle Code section 13353. However, the Superior Court of Orange County granted defendant's petition for a peremptory writ of mandamus and set aside the department's suspension. The department appealed, relying on *Finley* v. *Orr*, 262 Cal.App.2d 656 [69 Cal.Rptr. 137], and *Ent* v. *Department of Motor Vehicles*, 265 Cal.App.2d 936 [71 Cal.Rptr. 726], for a reversal of the lower court's judgment. In affirming the judgment the appellate court stated:

"In *Ent* and *Finley* the suspected drunk drivers first asserted their nonexistent rights to counsel in connection with the test. Here, however, Officer Johnson introduced the subject, telling Rust he had the right to an attorney. Rust's refusal to take any test until he talked to his attorney 'might well have been the direct result of the police warning' (*People* v. *Ellis*, 65 Cal.2d 529, 539 [55 Cal.Rptr. 385, 421 P.2d

[1]*Wine* v. *Council of City of Los Angeles*, 177 Cal.App.2d 157 [2 Cal. Rptr. 94]; *Black* v. *State Personnel Board*, 136 Cal.App.2d 904 [280 P.2d 863]; and *Wilson* v. *Los Angeles County Civil Service Com.*, 103 Cal. App.2d 426 [299 P.2d 406], are all cases in which the petition was denied "out of hand" without a hearing. In fact, in *Wilson* the defendant had not appeared by answer or demurrer; it had merely filed points and authorities in opposition. Yet, in each of these cases the appeal was allowed without discussion.

[2]Significantly, the opinion of the appellate court in *Rust* was filed after the trial court denied appellant's petition. Thus, the trial judge understandably relied on *Ent* v. *Department of Motor Vehicles, supra,* 265 Cal.App.2d 936, which was distinguished in the *Rust* decision.

393] ). Having warned Rust of his right to an attorney, Officer Johnson should have qualified his advice. When it became evident Rust thought he was entitled to an attorney and might have misconceived the warning, the officer should have elaborated by stating it was inapplicable to the blood alcohol test. Such an elaboration was made in *Reirdon* v. *Director of Dept. of Motor Vehicles,* 266 Cal.App.2d 808 [72 Cal.Rptr. 614].'' (267 Cal.App.2d 545, at p. 547.)

In the instant case, it is undisputed that when Officer Sheppard advised appellant of his *Miranda* rights at the time of the arrest he told him, among other things, ''you have the right to talk to a lawyer and have him present with you while you are being questioned.'' Moreover, on cross-examination by appellant's counsel the officer admitted that appellant's reply to his request to submit to a blood alcohol content test at the hospital was only ''I want to see my attorney,'' and that he interpreted this reply as an outright refusal to take the test. Thus, it is conceivable that appellant, as in *Rust,* misinterpreted the *Miranda* warning. If so, he was entitled to further elaboration by the officer before his request to ''see his attorney'' was treated as an outright refusal to take the test. Consequently, under the *Rust* decision, appellant was at least entitled to a hearing on the question as to whether he misinterpreted the *Miranda* warning, and the court erred when it denied his petition ''out of hand.''

The order is reversed.

Conley, P. J., and Stone, J., concurred.