[Civ. No. 9057. Fourth Dist., Div. Two. Apr. 28, 1969.]

JAMES PATRICK FARRINGTON, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Herbert Davis, Deputy Attorney General, for Defendant and Appellant.

C. Patrick Milligan for Plaintiff and Respondent.

McCABE, P. J.—This is an appeal by the Department of Motor Vehicles from a judgment granting petitioner James Farrington a peremptory writ of mandate compelling the vacation of the order suspending petitioner's driver's license.

The record reveals that there was filed with the Department of Motor Vehicles (Department) a sworn declaration by an arresting officer, under section 13353 of the Vehicle Code, setting forth that on March 5, 1967, petitioner Farrington had refused to take any of the three tests therein provided for, and that the other requirements of the statute had been met as the basis for an order suspending petitioner's license for six months. On March 20, 1967, the Department suspended petitioner's license for six months effective April 3, 1967.

Petitioner thereafter made a timely request for an informal hearing and the order of suspension was stayed pending the hearing. The hearing was held on April 27, 1967, and on May 3, 1967, petitioner was advised that the Department had completed its review of the file and of the informal hearing and found that the suspension was proper. The stay order was vacated and the order suspending petitioner's driving privilege became effective June 1, 1967. Petitioner then filed a petition for writ of mandate in the superior court.

After the hearing of the petition for a writ of mandate, the trial court entered findings of fact, conclusions of law and "judgment" which ordered the issuance of a peremptory writ of mandate. In the preamble to the findings of fact and conclusions, the court stated: "The court having received in evidence the transcript of the administrative proceedings before the Department of Motor Vehicles and the affidavit of Officer George W. Smith of the California Highway Patrol, and the court having read all of the papers on file in the action including the written briefs filed by both parties, and the matter having been orally argued and submitted and the court being fully advised in the premises, the court now makes the following:

"III. At the time of his arrest, petitioner was advised of his right to counsel.

"IV. Petitioner refused to submit to a chemical test until he could call his attorney.

"VII. That portion of respondent's [D.M.V.] finding No. 3 [(3) James P. Farrington refused to submit to a test of blood, breath or urine to determine the alcoholic content] which finds that petitioner refused to submit to a test of blood, breath or urine to determine the alcoholic content is not supported by the weight of the evidence.

"Each and every other finding made by respondent is supported by the weight of the evidence and this court finds as a fact the matters set forth in such other findings.

"CONCLUSIONS OF LAW

"II. Petitioner has no right to counsel when asked to submit to one of the chemical tests specified by Vehicle Code, Section 13353.

"III. Petitioner's request to call his attorney when asked to submit to one of the chemical tests specified by Vehicle Code, section 13353, after being advised of his right to counsel when arrested, did not constitute a refusal within the meaning of Vehicle Code, section 13353, Vehicle Code, section 13353(b).

"IV. Respondent committed a prejudicial abuse of discretion within the meaning of Code of Civil Procedure, section 1094.5(b), in that respondent's findings are not supported by the evidence as found in this court's finding of fact number VII."

We ordered the record augmented to include the "transcript" of the administrative proceedings, the affidavit of Officer Smith, and a transcript of the proceedings at the hearing on the petition for writ of mandate. We are informed that the "transcript" referred to by the trial judge is the same as that attached to and incorporated as Exhibit I to the "Return by Way of Answer" to the petition for the writ; that the officer's affidavit is Exhibit II to the answer [the sworn declaration]; and no reporter was present at the proceedings in the trial court. From the record before us, it must be concluded the "transcript" consists of the report made by the hearing officer after the informal hearing. The "transcript" contains a summation of the evidence, findings, and the hearing officer's recommendation. In the summation of the evidence, there is no indication that petitioner testified. Peti-

tioner's attorney stated to the hearing officer: ". . . we're willing to stipulate and agree it is true that Mr. Farrington was under the influence of intoxicating liquor and the officer had reasonable cause to believe that he was at the time of the arrest and that the arrest was lawful. I would expect to introduce that the officer informed Mr. Farrington, both at the scene and later, that Mr. Farrington had a right to an attorney and a right to have the attorney present at all stages or provide an attorney at the tax payers' expense. He was willing to submit to a chemical test but was not permitted to place a telephone call to his attorney to have him present or advise him which chemical test to take."

It does appear from the transcript that Officer Smith testified, and identified his sworn statement under section 13353, Vehicle Code. This statement became part of the evidence before the hearing officer. Petitioner's attorney was given the opportunity to question Officer Smith.

In that portion of the "transcript" which for convenience we describe as the summation of the evidence, petitioner's attorney stipulated that at the time of the arrest petitioner was under the influence of intoxicating liquor and the arresting officer had reasonable cause to believe this and the arrest was legal. During this questioning it was disclosed that petitioner was stopped at approximately 12:15 a.m. He was advised of his rights and then the questions were read to him from a printed form regarding taking a chemical test and the consequences if he should refuse. The booking was complete at approximately 1:30 a.m. and petitioner was not permitted to make a telephone call prior to that time. Petitioner's attorney stated to the hearing officer that "petitioner's defense was based on the fact that the subject was not permitted to have an attorney present before taking any chemical test." Other pertinent portions of the findings in the "transcript" are: "During the hearing I told Attorney Milligan that the evidence as offered to prove that the subject failed to do an act to which he had previously consented by driving a motor vehicle upon a highway, as such it does not affect his right against self-incrimination for which he is entitled to counsel. He said he was aware of that, but subject was not permitted to make a telephone call to his attorney. He was willing to submit to a test, but should have been granted permission to call his attorney to either have him present or to advise him which test to take."

The hearing officer concluded, "(3) James P. Farrington

refused to submit to a test of blood, breath or urine to determine the alcoholic content.''

In the petition for writ of mandate, petitioner alleges that when arrested he was advised that he had a right to remain silent and had a right to consult with an attorney and that this advisement was repeated at the county jail where he had been taken. Petitioner also alleged that he was a close relative of a specifically named attorney in the same county where the arrest took place; he informed the officer of this fact and of the fact that he desired to consult with an attorney before proceeding further; at the county jail he was advised regarding chemical tests and the law requiring submission; he did not refuse to take a test but informed the arresting officer he would defer taking a test until allowed to contact an attorney. He further alleged that a telephone was convenient and accessible, but the arresting officer refused to allow him to use the telephone; and at all times he desired to submit to a chemical test but desired to confer with an attorney in order to obtain advice as to the ''most reliable and legally advisable test.'' In addition to these allegations, the petition alleged that Officer Smith testified that the officer advised him of his rights pursuant to *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], and advised him of the chemical test and the result of a refusal to take one. The officer, however, refused to allow petitioner the use of the telephone and treated the request to use the telephone to contact an attorney as a refusal to take a test.

The return by way of answer to the petition for writ of mandate traversed the crucial allegations herein involved. Therefore, the proof of the allegations rested upon petitioner. So far as the evidence before the trial court and the record on this appeal are concerned, the only evidence to sustain them is the ''transcript'' and the sworn declaration of the arresting officer. This evidence reflects the arresting officer refused to allow petitioner the use of the readily accessible telephone to contact an attorney and that the act of not taking a chemical test before contacting an attorney was treated as a refusal to take the test. The trial court determined such act was not a refusal to take a chemical test under section 13353, subdivision (b), Vehicle Code.

Except for the attorney's statement at the informal hearing that petitioner was willing to submit to a chemical test but desired to contact an attorney to either have him present or to advise him which test to take, there is no evidence to support the trial court's determination.

Petitioner did not, at the informal hearing, or in his petition filed in the superior court, or in his brief on this appeal, contend or raise the issue that he misconceived the *Miranda* warning given by the officer with the advisement regarding taking a chemical test. However, at the oral argument on appeal, petitioner's counsel raised the point enunciated in *Rust* v. *Department of Motor Vehicles,* 267 Cal.App.2d 545 [73 Cal.Rptr. 366].

At the time the petition for the writ was heard, none of the parties to the proceeding or the court had the benefit of the decisions in *Rust* v. *Department of Motor Vehicles, supra; Reirdon* v. *Director of Dept. of Motor Vehicles,* 266 Cal. App.2d 808 [72 Cal.Rptr. 614]; *Finley* v. *Orr,* 262 Cal. App.2d 656 [69 Cal.Rptr. 137]; or *Kingston* v. *Department of Motor Vehicles,* 271 Cal.App.2d 549 [76 Cal.Rptr. 614], 5 Civil No. 1104 (filed April 7, 1969). It is entirely possible that had the pronouncements in these cases been available to the hearing officer, he would have allowed into evidence testimony, if offered, as to whether there was a misconception, a confusion or misinterpretation by petitioner between the *Miranda* warning and the advisement regarding the taking of a chemical test.

It is proper for this court to reverse the judgment of the trial court with directions to remand the proceedings to the Department of Motor Vehicles for further proceedings. (*Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260, 268 [246 P.2d 656]; *Steen* v. *City of Los Angeles,* 31 Cal.2d 542 [190 P.2d 937]; *Universal Consol. Oil Co.* v. *Byram,* 25 Cal.2d 353, 362-363 [153 P.2d 746].)

The judgment granting the peremptory writ is reversed with directions to the trial court to remand the matter to the respondent Department of Motor Vehicles for further proceedings in accordance with this opinion.

Kerrigan, J., and McGoldrick, J. pro tem.,* concurred.

A petition for a rehearing was denied May 15, 1969, and appellant's petition for a hearing by the Supreme Court was denied June 25, 1969. Mosk, J., was of the opinion that the petition should be granted.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.