[Civ. No. 32790.   Second Dist., Div. Four.   Sept. 22, 1969.]

GEORGE ROBERT MAITLAND, Plaintiff and Appellant, v.
JAMES W. CHAPMAN, JR., as Deputy Director, etc.,
Defendant and Respondent.

Michael B. Montgomery and Mortimer G. Franciscus for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and David W. Halpin, Deputy Attorney General, for Defendant and Respondent.

JEFFERSON, J.—Plaintiff George Maitland appeals from a judgment denying a peremptory writ of mandate which he sought to require the Department of Motor Vehicles [Department] to set aside its order revoking his driving privilege.

Maitland's license was suspended for six months following a formal administrative hearing at which he was represented by counsel. The referee appointed by the Department found that Maitland had refused to take one of the three tests required by Vehicle Code, section 13353. The referee's findings were adopted as the findings of the Department. The petition for writ of mandate was submitted to the court on the evidence adduced at the administrative hearing. The court's findings were the same as the findings of the referee.

The arresting officer testified at the departmental hearing, as did Maitland. In addition, the sworn statement of the officer was admitted in evidence (as provided in § 13353).

The arresting officer's statement and testimony indicates the following facts: The officer stopped the car Maitland was driving at about 12:55 a.m. Maitland was speeding and weaving across the center divider into the wrong lanes of traffic. When he alighted from the vehicle his balance was unsteady, there was a strong odor of alcohol on his breath, his eyes were watery and bloodshot and his speech was slurred. He was asked if he had had anything to drink that night and he replied that he had "a whole barrel full." After taking one of the field balance tests, which he failed, and after refusing to take any other field tests, Maitland was placed under arrest for drunk driving and advised of his constitutional rights. In particular, he was told that he had a right to remain silent; that anything he said could be used against him; that he had a right to an attorney prior to any questioning and that if he could not afford an attorney, one would be provided at no cost to him if he desired. He was then transported to the sheriff's station.

Before the booking process at the station, the officer requested Maitland to submit to a chemical test to determine the alcohol content of his blood as required by section 13353. The officer told him that he had a choice of taking any one of three different tests; that he could take either a blood, urine

or breath test. The officer further told him that his refusal to take one of the tests would result in the suspension of his driving privilege for a period of six months. Maitland refused to take any of the tests and asked to see an attorney. The officer then explained to him, three additional times, the requirement that he take one of the tests and the consequences of his refusal to do so. Each statement was followed by Maitland's refusal to take a test. He was then booked and permitted to call an attorney.

Maitland testified that after his arrest the officer asked him if he would submit to a chemical test; he asked the officer if he had to take the test and the officer replied, "No you don't have to but I suggest you do"; he told the officer "If I don't have to, then I'm not going to submit to it."; the officer never told him that he would lose his driving privileges for six months if he refused to take it; when he was brought to the station, the arresting officer told the officer at the desk that he had refused to take the chemical test; the desk officer then asked him whether he still refused to take it; he replied "Yes I do, I want to see my attorney."; the desk officer then filled out some forms and had him empty his pockets; he referred the officers to a sign on the wall which said he was entitled to make a phone call, but they refused to allow him to make a call; when he declined to sign the booking slip, saying that he would not say or sign anything more until he had the advice of his attorney, the booking officer wrote "too drunk" on the bottom of the slip; he was able to read what the officer wrote although it was upside down; it was about 8 a.m. that morning before he was permitted to make a phone call; he then called his wife.

Maitland in effect maintains that the evidence establishes, as a matter of law, that his refusal to take one of the chemical tests was the direct result of his being misled by the officers as to his rights. Pointed to as the evidence that the officer, before requesting that he take the test, advised him of his constitutional rights to remain silent and to counsel prior to any questioning. It is argued that, because the officer did not also inform him that his right to silence did not include the right to refuse to submit to a test; and that his right to counsel did not include the right to have counsel present before deciding whether or not to take a test, he reasonably believed his rights entitled him to refuse.

■ A drunk driving suspect is not entitled to consult with counsel before submitting to one of the tests required

under Vehicle Code section 13353; and the statement of the arrestee that he must first consult with counsel before deciding whether to submit, constitutes a refusal to submit. (*Walker* v. *Department of Motor Vehicles*, 274 Cal.App.2d 793, 797 [79 Cal.Rptr. 433]; *Ent* v. *Department of Motor Vehicles*, 265 Cal.App.2d 936 [71 Cal.Rptr. 726].)

It is a question of fact whether Maitland was told his refusal to take one of the tests would result in a license suspension and, contrary to plaintiff's assertion, it is also a question of fact whether he actually refused. (See *Walker* v. *Department of Motor Vehicles, supra,* 274 Cal.App.2d 793, 799.) The officer's testimony clearly supports the finding that Maitland was advised of the effect of a refusal. The officer indicated he explained this to him four separate times; that each time he refused.

The evidence provides ample support for the conclusion that Maitland was not misled into believing he had the right to refuse because of the warning of his rights to counsel and to remain silent. His testimony was that he was never advised that his driving privilege would be suspended for refusal to submit to one of the tests. Further, his testimonial narration of events contains nothing about having been given any advice as to his constitutional rights. It may reasonably be inferred that he refused because he " 'knew the nature of the test, and what it was designed to show.' " (*Finley* v. *Orr,* 262 Cal.App.2d 656, 664, fn. 5 [69 Cal.Rptr. 137].)

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 19, 1969. Peters, J., was of the opinion that the petition should be granted.