[Civ. No. 9741. Fourth Dist., Div. One. June 12, 1970.]

ERNEST ADRON REES, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## Counsel

Thomas C. Lynch, Attorney General, and Megan A. Wagner, Deputy Attorney General, for Defendant and Appellant.

Fabbroni, Odorico, Moran & Dimeff and John T. Moran for Plaintiff and Respondent.

## Opinion

**COUGHLIN, Acting P. J.**—The Department of Motor Vehicles appeals from a judgment in a mandamus proceeding in effect setting aside its order suspending the driver's license of Ernest Adron Rees for refusal to take the chemical test prescribed by Vehicle Code section 13353.

This is another in a series of cases involving the question whether a person who was arrested for driving while intoxicated, was advised by the arresting officer he had a right to be represented by an attorney at all stages of the proceeding and thereafter refused to submit to a chemical test to determine whether he was intoxicated until he had consulted his attorney, actually had refused to submit to the test within the meaning of Vehicle Code section 13353 or was exercising what he mistakenly believed to be his right to consult his attorney before taking the test.

■  Where, under the circumstances aforesaid, the arrested person was not advised his right to an attorney did not entitle him to consult an attorney before taking the test, and his refusal to take the test was the product of confusion and a mistaken belief he might refuse to do so until he had consulted an attorney, his refusal is not the refusal contemplated by Vehicle Code section 13353 authorizing suspension of his license to drive. (*Wethern* v. *Orr,* 271 Cal.App.2d 813 [76 Cal.Rptr. 807]; *Rust* v. *Department of Motor Vehicles,* 267 Cal.App.2d 545 [73 Cal.Rptr. 366].)

■  Generally the question is one of fact upon which a finding by the trial court, express or implied, supported by substantial evidence is conclusive on appeal (*Pepin* v. *Department of Motor Vehicles,* 275 Cal.App. 2d 9, 11 [79 Cal.Rptr. 657]; *Walker* v. *Department of Motor Vehicles,* 274 Cal.App.2d 793, 796-800 [79 Cal.Rptr. 433]; *Farrington* v. *Department of Motor Vehicles,* 272 Cal.App.2d 330, 335 [77 Cal.Rptr. 388]; *Kingston* v. *Department of Motor Vehicles,* 271 Cal.App.2d 549, 553 [76 Cal.Rptr. 614]; *Rust* v. *Department of Motor Vehicles, supra,* 267 Cal.App.2d 545, 546), although under some circumstances the question may be one of law. (*Farrington* v. *Department of Motor Vehicles, supra,* 272 Cal.App.2d 330, 334; *Wethern* v. *Orr, supra,* 271 Cal.App.2d 813, 815.)

■  In the case at bench the findings of the court on the issue whether defendant refused to consent to the test within the meaning of Vehicle Code section 13353 are included in its "findings of fact" and "conclusions of law."

A determination by the trial court of an issue of fact is a finding of fact even though listed under its conclusions of law. (*Petersen* v. *Cloverdale Egg Farms,* 161 Cal.App.2d 792, 797 [327 P.2d 127].)

■  The court found Rees was given a *Miranda* warning following his arrest, which included the statement "he was entitled to be represented by an attorney *at this time* or at any other proceeding" (italics ours); when requested to take a test stated he would not take any test until he "saw"

his attorney; was not advised by the arresting officer his right to an attorney did not extend to the testing procedure; his "refusal to take a test until he saw his lawyer did not constitute an unequivocal rejection of said test sufficient to excuse the police officer from supplying further information . . . informing him that the right of counsel did not extend to the testing procedures"; and his "refusal to take a test until he saw his lawyer did not constitute a refusal to take the test within the meaning of Vehicle Code Section 13353." The foregoing findings include a finding in identical language to that made by the court in *Rust* v. *Department of Motor Vehicles, supra,* 267 Cal.App.2d 545, 546, which we held was sufficient to support a judgment in mandamus directing the Department to set aside its order suspending Rust's driver's license for refusal to submit to the test required by Vehicle Code section 13353.

Rees' testimony included the following: He did not recall being advised of his right to counsel. He did not remember several other events about which the officer testified. When requested to take the test he told the officer he would not do so until he had *talked* to his attorney; the officer asked him "then you refuse to take the test" and he replied, "if that's what you call it until I *talk* to a lawyer, my attorney, well, I *guess* you would call it a refusal." (Italics ours.) At the police station he was "somewhat confused and bewildered." When asked: "Now, had you been informed that you must take a test before talking to any attorney, would you have submitted to a test rather than losing your license?", he replied: "I certainly would, if I knew. I would think that one test would be more to my advantage than another." He fully expected to take a test but wanted to know which one was advisable for him.

Counsel for the Department directs attention to the fact Rees did not recall being advised of his right to an attorney; also directs attention to a portion of the written opinion of the trial judge wherein the latter stated he did not consider this fact significant in view of the testimony of the officer; and contends Rees' statement and the judge's observation establish Rees did not rely upon the *Miranda* warning in refusing to take the test. However, in his written opinion, the judge also stated he found Rees' refusal to take the test until he saw his attorney did not constitute an unequivocal rejection of the test sufficient to excuse the officer from supplying further information, which conforms to one of his written findings. We conclude the judge's observation the fact Rees did not recall being advised of his right to an attorney was not significant in view of the testimony of the officer, related solely to the issue whether in fact Rees had been advised he was entitled to an attorney.

Rees' testimony, heretofore related, is subject to the interpretation he would have submitted to the test before talking to his attorney had

he known he must do so or lose his license. The interpretation of testimony is the exclusive province of the trial judge. (*Thompson* v. *City of Long Beach,* 41 Cal.2d 235, 246 [259 P.2d 649]; *Adoption of Curtis,* 195 Cal.App.2d 179, 183 [15 Cal.Rptr. 331].) ▮ This testimony, the fact Rees was told when stopped by the officer he had a right to be represented by an attorney at that time, and the evidence of his drunken, confused and bewildered condition when arrested inferentially support the conclusion Rees' statement to the officer he would not take a test until he talked to his attorney was an exercise of a mistaken belief, attributable to the *Miranda* warning, he had a right to talk to his attorney before taking the test rather than a refusal to take the test. The finding Rees' "refusal to take a test until he saw his lawyer did not constitute a refusal to take the test within the meaning of Vehicle Code Section 13353," is supported by the foregoing inferences. Even though the evidence supports a contrary inference, the judgment must be sustained under the well-established rule that on appeal those inferences in support of a finding will be accepted whereas those in support of a contrary conclusion will be rejected. (*Primm* v. *Primm,* 46 Cal.2d 690, 694 [299 P.2d 231]; *Hamilton* v. *Pacific Elec. Ry. Co.,* 12 Cal.2d 598, 602 [86 P.2d 829]; *Greco* v. *Oregon Mut. Fire Ins. Co.,* 191 Cal.App.2d 674, 681 [12 Cal.Rptr. 802].)

The judgment is affirmed.

Whelan, J., and Ault, J., concurred.