Jack R. GABLEMAN, Plaintiff/Appellee,

v.

Walter R. HJELLE, State Highway Commissioner of the State of North Dakota, Defendant/Appellant.

Civ. No. 9051.

Supreme Court of North Dakota.

Dec. 5, 1974.

Norbert H. Lange, Sp. Asst. Atty. Gen., State Highway Dept., Bismarck, for appellant.

Murray, Mack, Moosbrugger & Leonard, Grand Forks, for appellee.

PAULSON, Judge.

This is an appeal by Walter R. Hjelle, State Highway Commissioner of the State of North Dakota [hereinafter the "State"], from an order of the District Court of Grand Forks County dated May 24, 1974, which order required the State to issue a temporary restricted driver's license to Jack R. Gableman [hereinafter "Mr. Gableman"], pursuant to § 39–06.1–11 of the North Dakota Century Code.

Mr. Gableman was arrested for operating a motor vehicle while under the influence of intoxicating liquor in the City of Grand Forks on March 30, 1974. He was requested to submit to a chemical test for the purpose of determining the alcohol content of his blood. Mr. Gableman refused to take such chemical test. The arresting officer, pursuant to the provisions of § 39–20–04, N.D.C.C. submitted his sworn report, required by such section, to the State Highway Commissioner. The Safety Responsibility Division of the State Highway Department notified Mr. Gableman on April 18, 1974, that his driver's license was revoked for a period of six months because of his refusal to consent to submit to chemi-

cal testing prescribed by § 39–20–04, N.D. C.C.

Mr. Gableman, through his attorney, filed a request for a hearing, combined with an application for the issuance of a temporary restricted driver's license, pursuant to § 39–06.1–11, N.D.C.C. The Safety Responsibility Division of the State Highway Department approved Mr. Gableman's request for a hearing, but denied his application for the issuance of such restricted license, on the ground that such statute [§ 39–06.1–11, N.D.C.C.] did not make provision for the issuance of a restricted license when a driver's license is revoked. On May 8, 1974, a summons and complaint were issued by Mr. Gableman's attorney, wherein he alleged that § 39–06.1–11, N.D.C.C., contravenes the Equal Protection Clauses of the United States Constitution and the North Dakota Constitution. Mr. Gableman's attorney also filed an affidavit in support of an order to show cause, requesting an order permanently enjoining the State from taking Mr. Gableman's operator's license on the ground of his refusal to submit to chemical testing. A hearing was held before the District Court of Grand Forks County on May 20, 1974. The district court, on May 24, 1974, issued its order in which it stated:

". . . that the Defendant has failed to show that there is any reasonable basis for classifying a person who has refused to take a chemical test for intoxication pursuant to N.D.C.C. Chapter 39–20 differently from a person who has been convicted of driving under the influence of alcohol pursuant to N.D.C.C. 39–08–01 and that therefore such classification is in violation of the Equal Protection Clause of the 14th Amendment to the United States Constitution and Article I, Section 11 of the North Dakota Constitution; and good cause having been shown for the granting of a restricted license to the Plaintiff pursuant to N.D.C.C. 39–06.1–11 . . . "

The order further stated:

". . . that the Defendant refrain from interfering with Plaintiff's privilege to apply for a restricted driver's license pursuant to N.D.C.C. 39–06.1–11, and that said restricted license be issued to the Plaintiff pursuant to N.D.C.C. 39–06.-1–11 . . . ."

Mr. Gableman, on May 28, 1974, entered a plea of guilty to the charge of operating a motor vehicle while under the influence of intoxicating liquor, and his license was suspended for twenty-eight days, pursuant to § 39–06.1–11, N.D.C.C. Subsequent to his plea of guilty, Mr. Gableman withdrew his request for a hearing on the revocation of his driver's license.

The sole question before this court is whether or not § 39–06.1–11, of the North Dakota Century Code, contravenes the Equal Protection Clauses of either the Constitution of the United States or the Constitution of the State of North Dakota.

However, before considering the specific issue raised by the State, the pertinent statutes which are applicable in deciding this case are set forth, as follows:

39–06.1–11, N.D.C.C. "*Temporary restricted license.*—When the licensing authority has suspended a license, pursuant to section 39–06.1–10, for a period in excess of seven days, the authority may, for good cause, upon receiving written application from the licensee affected, issue a temporary restricted operator's license valid, after seven days of the suspension period have passed, for the remainder of the suspension period. The restricted license may authorize the use of a motor vehicle only during the licensee's normal working hours, or may contain any other restrictions authorized by section 39–06–17. Violation of a restriction imposed according to this section shall be deemed a violation of section 39–06–17."

39–20–04, N.D.C.C. "*Revocation of privilege to drive motor vehicle upon refusal to submit to chemical testing.*—If a person under arrest refuses to submit to chemical testing, none shall be given, but the state highway commissioner, upon the receipt of a sworn report of the law enforcement officer, forwarded by the arresting officer within five days after the refusal, showing that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways while under the influence of intoxicating liquor, and that the person had refused to submit to the test or tests, shall revoke his license or permit to drive and any nonresident operating privilege for a period of six months; or, if the person is a resident without a license or a permit to operate a motor vehicle in this state, the commissioner shall deny to the person the issuance of a license or permit for a period of six months after the date of the alleged violation, subject to the opportunity for a prerevocation hearing and postrevocation review as hereinafter provided."

Section 39–06.1–11, N.D.C.C., permits the issuance of a temporary restricted operator's license to a person convicted of such offenses, among others, as driving while under the influence of intoxicating liquor and leaving the scene of an accident. Mr. Gableman contends that to permit any such person to acquire a restricted operator's license, while denying the same opportunity to a driver who has refused to submit to a chemical test for intoxication, is an unreasonable, capricious, and arbitrary classification. He further contends that the application of § 39–06.1–11 in such a manner denies a privilege to one class of persons while granting the privilege to another class of persons who are in a similar classification. The trial court agreed with Mr. Gableman's contention, holding that such classification was in contravention of the Equal Protection Clauses of § 1 of the Fourteenth Amendment to the United States Constitution and of Article I, §§ 11 and 20 of the North Dakota Constitution.

We do not agree with the decision of the district court.

In Souris River Telephone Mutual Aid Corp. v. State, 162 N.W.2d 685, 688 (N.D.1968), this court stated:

"An enactment of the Legislature is presumed to be constitutional and such presumption is conclusive unless it is clearly shown that the act is in contravention of the State or the Federal Constitution. Where the act is regularly passed by the Legislative Assembly, the only test concerning the validity of the act is whether it violates either the State or the Federal Constitution. State ex rel. Haggart v. Nichols, 66 N.D. 355, 265 N.W. 859 (1936); State ex rel. Linde v. Taylor, 33 N.D. 76, 156 N.W. 561, L.R.A. 1918B, 156 (1916); O'Laughlin v. Carlson, 30 N.D. 213, 152 N.W. 675 (1915)."

This court, in State v. Gamble Skogmo, Inc., 144 N.W.2d 749, 752 (N.D.1966), in paragraphs 3 and 5 of the syllabus, held, with reference to classification in the Fourteenth Amendment, as follows:

"3. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

"5. Only invidious discrimination is prohibited by the Equal Protection clause of the Fourteenth Amendment to the United States Constitution."

Likewise, in In re Estate of Jensen, 162 N.W.2d 861 (N.D.1968), in paragraph 7 of the syllabus, this court held:

"Sections 11 and 20 of the North Dakota Constitution and § 1 of the fourteenth amendment to the United States Constitution do not prohibit or prevent classification, provided such classification is reasonable for the purpose of legislation, is based on proper and justifiable distinctions considering the purpose of the law, is not clearly arbitrary, and is not a subterfuge to shield one class or to burden another or to oppress unlawfully in its administration."

The language of § 39–06.1–11, N.D.C.C., specifically refers to persons whose operator's licenses have been suspended pursuant to § 39–06.1–10, N.D.C.C. The class created by this statute includes only such persons. Although Mr. Gableman urges us to believe that the omission from this class of those persons whose operator's licenses have been revoked pursuant to § 39–20–04, N.D.C.C., was an oversight on the part of the Legislature, this is not persuasive. *See,* In re Estate of Jensen, *supra,* 162 N.W.2d at 869.

Sections 39–06.1–11 and 39–20–04, N.D.C.C., both deal with a particular classification which is separate and distinct from each other. In Walker v. Department of Motor Vehicles, 274 Cal.App.2d 793, 79 Cal. Rptr. 433, 435 (1969), the California Appeal Court stated:

"The classes are different. All who refuse the chemical test are subject to the sanction of [Vehicle Code] section 13353, and all who drive under the influence are subject to the penalties provided for that offense. A driver may fall into either class, or neither or both, and will receive the treatment which the law provides for the class or classes in which he places himself."

Clearly, we are dealing with two separate classifications—we cannot assume that the omission from § 39–06.1–11, N.D.C.C., of a provision for the issuance of a temporary restricted operator's license to a person whose operator's license has been revoked was a legislative oversight. The language of § 39–06.1–11 is explicit and requires no interpretation. In Signal Oil and Gas Company v. Williams County, 206 N.W.2d 75, 83 (N.D.1973), this court stated:

"Furthermore, a court need not know the special reasons, motives, or policies of a State legislature in adopting a particular classification, so long as the policy is one within the power of the legislature to pursue, and so long as the classification bears a reasonable relation to those reasons, motives, or policies."

In Pepin v. Department of Motor Vehicles, 275 Cal.App.2d 9, 79 Cal.Rptr. 657, 659 (1969), the California Appeal Court stated:

**384**

"Pepin unmeritoriously asserts that because [Vehicle Code] section 13353 does not permit an exception for 'employment-livelihood' cases, similar to that of Vehicle Code, section 13210, he is denied the equal protection of the laws. The issue is whether section 13353 arbitrarily discriminates against certain classes of persons who refuse to take the chemical test, as opposed to other classes who also refuse the test. No discrimination exists. No particular class of person is selected for suspension for refusing a chemical test. The suspension is mandatory, not discretionary.

"Pepin did not have a constitutional right to refuse to take the chemical test (Finley v. Orr, 262 Cal.App.2d 656, 662–663, 69 Cal.Rptr. 137)."

The California Appeal Court, in Walker v. Department of Motor Vehicles, *supra*, 79 Cal.Rptr. at 435, stated:

"We find no basis for appellant's contention that he is denied 'equal protection of the laws' in that the license suspension is automatic for the driver who refuses the test but discretionary for the driver who takes the test and is found to be under the influence of alcohol."

We adopt the rationale of the court in *Pepin* and in *Walker, supra.* We hold that § 39–06.1–11, N.D.C.C., does not violate the Equal Protection Clauses of either § 1 of the Fourteenth Amendment to the United States Constitution or of Article I, §§ 11 and 20 of the North Dakota Constitution. Pursuant to § 39–20–04, N.D.C.C., all persons who refuse to submit to a chemical test are treated in the same manner, and revocation of such persons' operator's licenses is mandatory, not discretionary, and is not unreasonable, capricious, or arbitrary. Heer v. Dept. of Motor Vehicles, 252 Or. 455, 450 P.2d 533, 537 (1969).

The order of the trial court is reversed.

ERICKSTAD, C. J., and JOHNSON, VOGEL and KNUDSON, JJ., concur.