131 Ariz. 156 (1981)
639 P.2d 346
James L. MURRAY, a married man, Petitioner/Appellant,
v.
Philip THORNEYCROFT, ex rel., ARIZONA HIGHWAY DEPARTMENT MOTOR VEHICLE DIVISION, Respondent/Appellee.
No. 2 CA-CIV 3907.
Court of Appeals of Arizona, Division 2.
October 20, 1981.
Rehearing Denied November 19, 1981.
Review Denied December 22, 1981.
*157 Higgins & Sinema, P.C. by Thomas E. Higgins, Jr., Tucson, for petitioner/appellant.
Robert K. Corbin, Atty. Gen. by James L. Hohnbaum, Asst. Atty. Gen., Phoenix, for respondent/appellee.
OPINION
HATHAWAY, Chief Judge.
Challenged on this appeal is the policy of the Arizona Highway Department of Motor Vehicles Division, which requires the suspension of licenses of drivers who refuse to take the chemical test for intoxication. While A.R.S. § 28-691(D) calls for mandatory suspension in such circumstances, A.R.S. § 28-446(A)(9) allows the department to order driver training without suspension in the same circumstances. Appellant contends that the department's policy of always applying A.R.S. § 28-691(D) and never proceeding under A.R.S. § 28-446(A)(9) denies him the equal protection of the law.
Appellant was arrested in Pima County and charged with driving while intoxicated. At a hearing held pursuant to A.R.S. § 28-691, a hearing officer of the motor vehicle division found that appellant had refused consent to a test to determine alcoholic content and suspended his driver's license for six months. The suspension order was appealed pursuant to A.R.S. § 28-451 and the parties stipulated to an order staying the suspension until a trial on the merits could be held. Since there was no factual dispute, the matter was submitted to the court on cross-motions for summary judgment. Appellant's motion was denied and appellee's was granted, hence this appeal. The stay order continues pursuant to stipulation until appellate proceedings are concluded.
In Campbell v. Superior Court, 108 Ariz. 479, 502 P.2d 161 (1972), the Arizona Supreme Court had occasion to examine the language of A.R.S. §§ 28-691 and 28-446(A). There, the trial court had found that it had authority to qualify the penalty imposed and substitute in lieu of suspension the requirement that the plaintiff attend and successfully complete approved training and educational sessions designed to improve the safety and habits of drivers pursuant to A.R.S. § 28-446. The supreme court reversed, holding that the department, not the trial court, was the proper body to choose which penalty to apply.
Appellant contends that since the department always proceeds under A.R.S. § 28-691(D) in cases where there has been a refusal to submit to a chemical test, there is an equal protection violation in the application of our statutes. We do not agree. In Walker v. Department of Motor Vehicles, 274 Cal. App.2d 793, 79 Cal. Rptr. 433 (1969), the court analyzed the issue as follows:
"We find no basis for appellant's contention that he is denied `equal protection of the laws' in that the license suspension is automatic for the driver who refuses the test but discretionary for the driver who takes the test and is found to be under the influence of alcohol. [citation omitted]
The Legislature had a sufficient reason for requiring a chemical test, and for providing a simple administrative sanction to enforce that requirement. The combination of criminal punishment and administrative sanctions which are imposed upon a person convicted of drunk driving [citation omitted] serve a different purpose and, in a particular case, may be more or less onerous than the sanction imposed under section 13353.
The classes are different. All who refuse the chemical test are subject to the sanction of section 13353, and all who drive under the influence are subject to the penalties provided for that offense. A driver may fall into either class, or neither or both, and will receive the treatment *158 which the law provides for the class or classes in which he places himself. [citation omitted]" 79 Cal. Rptr. at 435.
Other jurisdictions dealing with the question have come to the same conclusion. See Gableman v. Hjelle, 224 N.W.2d 379 (N.D. 1974); In re McCain, 84 N.M. 657, 506 P.2d 1204 (1973); Heer v. Department of Motor Vehicles, 252 Or. 455, 450 P.2d 533 (1969); Spencer v. Department of Public Safety, 315 So.2d 912 (La. App. 1975); Augustino v. Colo. Department of Revenue, 193 Colo. 273, 565 P.2d 933 (1977). Moreover, it is well settled that a prosecuting agency may consciously exercise selectivity in the enforcement of the laws, as long as the selective policy is not based on an arbitrary or suspect classification such as race or religion. Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).
A.R.S. § 28-691 is calculated to permit law enforcement officers to obtain the best evidence available of blood alcohol content at the time of the arrest of a person believed to be driving while intoxicated. Those who cooperate and comply with the statutory requirements fall into a classification justifying different treatment from those who do not. There is no violation of equal protection; the judgment is affirmed.
HOWARD, and BIRDSALL, JJ., concur.