649 P.2d 994

**Donald L. KELLUM, a single man, Petitioner/Appellant,**

v.

**Philip THORNEYCROFT, ex rel. ARIZONA HIGHWAY DEPARTMENT MOTOR VEHICLE DIVISION, and City of Tucson, Respondents/Appellees.**

**No. 2 CA–CIV 4322.**

Court of Appeals of Arizona, Division 2.

July 27, 1982.

Rees & McNeill by David W. Rees, Tucson, for petitioner/appellant.

Robert K. Corbin, Atty. Gen. by Samuel Ruiz and Joe Acosta, Jr., Asst. Attys. Gen., Phoenix, for respondents/appellees.

## OPINION

BIRDSALL, Judge.

The appellant, an automobile salesman, had his driver's license suspended for six months because of his refusal to submit to a breathalyzer test. Upon receiving notice of the suspension, he requested an administrative hearing pursuant to A.R.S. § 28–691(E). The hearing officer of the Department of Transportation found that the arresting officer had reasonable grounds to believe the appellant was driving while under the influence, was placed under arrest and refused to submit to the test. The suspension of his license was sustained and he appealed to the superior court. That court found against the appellant and ordered him to surrender his license for the six-month period.

On appeal to this court he contends:

1) The superior court erred in finding that the hearing officer did not act arbitrarily in finding that he refused to take the test.

2) That since he is an auto salesman the proceedings resulting in the loss of his license deny him equal protection since he cannot work in his vocation without driving.

We affirm.

A transcript of the evidence before the hearing officer was certified to the superior court. This record shows that the appellant was equivocal, at least, about taking the test. He refused, then consented until he was told a police observer would be with him and the officer when the test was administered. He then refused. Then he consented again until he saw a sign on the door leading into the test area which read "police personnel only." Although he was told this did not apply to him, since he was with the officer, he refused to enter. The hearing officer could properly conclude that this conduct amounted to a refusal. *See Campbell v. Superior Court*, 106 Ariz. 542, 479 P.2d 685 (1971).

The precise question presented by the appellant's second contention has been decided by the California Court of Appeals in *Murphy v. Department of Motor Vehicles*, 86 Cal.App.3d 119, 150 Cal.Rptr. 20 (1978). There the equal protection argument made by a truck driver was rejected for several reasons, one being that if a license should be suspended at all for a refusal under the implied consent law, it should be that of the driver who makes the most use of our highways.

The appellant also argues that the department should at least exercise its discretion and not suspend the license of the occupational driver pursuant to A.R.S. § 28–691(D), but rather use A.R.S. § 28–446(A)(9). The latter statute allows the department to order driver training, without suspension, for a refusal. An equal protection argument concerning these same statutes was made and rejected in *Murray v. Thorneycroft*, 131 Ariz. 156, 639 P.2d 346 (App.1981). Although that case did not involve the occupational driver, we find the reasoning and authorities contained in that opinion applicable here. That the appellant will be unable to pursue his occupation may place him in a different "class" than the

recreational driver, but this does not constitute an equal protection violation. No discrimination or unequal treatment has been shown. Even if it had, it appears that all persons within the appellant's "classification" are treated equally and the classification, if there be one, is reasonable. *Edwards v. Alhambra Elementary School District No. 63*, 15 Ariz.App. 293, 488 P.2d 498 (1971); *Murray v. Thorneycroft, supra.*

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.